Christina Stephenson, OSB #102287
Stephenson Law, LLC
1355 NW Everett Street, Suite 100
Portland, OR 97209
Voice: (503) 220-1790
Fax: (503) 512-5022
christina@stephensonlawpdx.com

Elizabeth Inayoshi, OSB #133929
Law Office of Elizabeth J. Inayoshi LLC
330 NE Lincoln Street, Suite 300
Hillsboro, OR 97124
Voice: (971) 232-1230
Fax: (503) 512-5022
ejinayoshi@gmail.com

Attorneys for Plaintiff

IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROSWITHA SWENSEN,<br><br>            Plaintiff,<br>    v.<br><br>GALENA BIOPHARMA, INC., a foreign business corporation; and MARK SCHWARTZ, an individual,<br><br>            Defendants. | Case No. _____<br><br>COMPLAINT<br><br>(Violations of the Fair Labor Standards Act (29 U.S.C. §201 et seq.) and Oregon law.<br><br>**DEMAND FOR JURY TRIAL** |

The Plaintiff alleges:

Page 1 -        **COMPLAINT**

## Jurisdictional Allegations

1.

This Court has jurisdiction over Plaintiff's claims for unpaid wages and retaliation pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), and 28 U.S.C. §§ 1331.  This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

2.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

## Parties

3.

Plaintiff Roswitha Swensen ("Ms. Swensen") is an individual at all material times residing in the State of Oregon.

4.

Defendant Galena Biopharma Inc. ("Galena") is a foreign business corporation, organized in the State of Delaware, registered to do business in Oregon, with its principal place of business in Portland, Oregon, and at all times material doing business in Oregon.  Defendant, Mark Schwartz ("Schwartz), is an individual at all material times residing in the state of Oregon.

5.

At all material times, Defendant Galena was an "employer" within the meaning of FLSA §3(d), 29 U.S.C. §203(d).  At all material times herein, Defendant Galena was and continues to be "an enterprise engaged in commerce" under the FLSA.  At all material times herein, on information and belief, Defendant's annual gross revenue was over $500,000 per year.

6.

On information and belief, Defendant Schwartz is the President of Defendant Galena, runs the company, hires and fires employees, determines their pay, and is responsible for maintaining employee records.

7.

At all material times, Defendant Schwartz was an "employer" within the meaning of FLSA §3(d), 29 U.S.C. §203(d) in that he was a person acting directly or indirectly in the interest of Defendant Galena in relation to its employees and had economic and operational control over Defendant Galena in its business in the State of Oregon. At all material times, Defendant Schwartz was an "employer" within the meaning of ORS 659A.001(4)(a) as he, directly or through an agent, engaged or used the personal service of one or more employees in Oregon, reserving the right to control the means by which such services is or will be performed.

8.

At all material times herein, Plaintiff was covered by the FLSA.

9.

At all times material, Defendant Galena was Plaintiff's employer and Plaintiff was Defendant Galena's employee. At all material times, Plaintiff was supervised by Defendant Galena's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant Galena's employees, supervisors and management.

10.

Before filing this action, Ms. Swensen's attorney sent a written Attorney's Notice of Wage Claim to Defendants and Defendants made no payment in response to such notice.

**STATEMENT OF FACTS**

11.

Galena made a formal job offer to Ms. Swensen on May 17, 2013 to act as executive assistant to then-president and CEO of Galena, Mark Ahn, for $75,000 per year or $36.06 per hour as her regular rate of pay. Ms. Swensen also received 10,000 stock options. The offer did not specify that Ms. Swensen would be exempt. Ms. Swensen began her employment with Galena on May 20, 2013.

12.

(a)     During Mr. Ahn's tenure, Ms. Swensen's duties encompassed primarily standard, non-exempt, secretarial duties for Mr. Ahn, including answering email; scheduling meetings;

Page 3 -     **COMPLAINT**

making travel arrangements; organizing internal office parties; researching new office equipment; and sending forms to new employees.

(b) Upon Dr. Mark Schwartz's assumption of the presidency of Galena, on or around August 20, 2014, he added some additional duties to Ms. Swensen's job, including document organization.

(c) However, in spite of adding duties to Ms. Swensen's job, he pointedly told her that she was not a member of the Executive Board and she was not a manager.

13.

During her employment, Ms. Swensen was paid as though she was an exempt administrative employee. Ms. Swensen was not paid one and one-half times her regular hourly rate for all hours she worked in excess of 40 in one week. At no time was Ms. Swensen's "primary duty" the performance of responsible office or non-manual work directly related to the management or general business operations of Galena or Galena's customers. Ms. Swensen did not spend the major part, or over 50 percent, of her time on these type of duties. In addition, Ms. Swensen did not regularly exercise independent judgment and discretionary power; the customary skill she exercised was in the application of prescribed procedures.

14.

(a) On January 1, 2014, Galena raised Ms. Swensen's pay to $77,250 per year or $37.14 per hour and awarded her 10,000 stock options and a $5,000 bonus for 6 months of employment in 2013.

(b) On May 1, 2014, Galena again raised Ms. Swensen's pay. At that time, and continuing until Ms. Swensen's employment ended, Ms. Swensen's regular rate of pay was $85,000 per year or $40.87 per hour.

(c) On or around December of 2013, Galena promised Ms. Swensen a bonus of $15,000 to be paid on or around January 1, 2015.

15.

From the first day Ms. Swensen worked for Galena, she regularly worked in excess of forty hours per week. Ms. Swensen regularly worked evenings and weekends. As examples, her

first workweek, she worked 67.72 hours from Monday May 20, 2013 through Saturday May 25, 2013; her second workweek, she worked 96.78 from Sunday May 26, 2013 through Saturday June 1, 2013. She worked overtime 86 out of the 87 weeks for which she worked for Galena. In total, Ms. Swensen accrued approximately 2152.1 hours of overtime. At no time did Galena pay Ms. Swensen overtime. From June 8, 2013 to her termination, Ms. Swensen was not paid $121,606.02 in earned overtime.

16.

On or about September 2014, Ms. Swensen had to complete a survey to account for the number of exempt and non-exempt employees at Galena. Ms. Swensen questioned John Burns about one employee's classification, Dane Johnson. Mr. Burns told Ms. Swensen to "leave it alone." Concerned that Mr. Johnson might have been misclassified as an exempt employee, in October or November of 2104, Ms. Swensen spoke to Galena's then-General Counsel, Margaret Kiviniski about the issue. At that time, Ms. Swensen reported to Ms. Kivinski that not only was Mr. Johnson probably non-exempt, but that also that Ms. Swensen herself should have been classified as non-exempt. Ms. Kaviniski confirmed that Ms. Swensen was mis-classified. In January 2014, Ms. Swensen reported to Galena's new Human Resources Director, Richard Stellner, that she believed she had been mis-classified as exempt. Ms. Kavinski was also present for some of this conversation. Galena never re-classified Ms. Swensen.

17.

On an ongoing basis, Mr. Schwartz commented on Ms. Swensen's nationality, stating that she was "too German" and "too dogmatic" and making slurs about her nationality. Mr. Schwartz made these comments in front of many employees at Galena. On several occasions Ms. Swensen reported Mr. Schwartz's comments to Ms. Kavinski.

18.

On an ongoing basis, Mr. Schwartz made sexual comments to Ms. Swensen and other female co-workers. He made comments such as "hey, you look sexy today." At the same time, he lambasted Ms. Swensen as "too pushy", "too powerful", and "too straightforward", terms he never used about any male employee. Mr. Schwartz made these comments in front of many

Page 5 -    **COMPLAINT**

employees at Galena and he treated Ms. Swensen differently because of her sex. On several occasions Ms. Swensen reported Mr. Schwartz's comments to Ms. Kavinski.

19.

On January 28, 2015, Galena terminated Ms. Swensen's employment. At that time, Galena paid only $2,500 of the $15,000 bonus she had been promised for 2014. At no time has Galena paid the overtime that it owes Ms. Swensen, nor has it paid the $12,500 balance of the bonus that it owes her.

**First Claim For Relief**
**FLSA – Failure to Pay Overtime Wages**
**(Against all Defendants)**

20.

Plaintiff restates and incorporates by reference paragraphs 1-19, inclusive, as though fully set forth herein.

21.

From beginning of her employment until her termination, Plaintiff worked in excess of forty (40) hours per week.

22.

Plaintiff was not exempt from overtime pursuant to Section 13(a)(1) of the FLSA, or any other provision of law, so she was entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours per week.

23.

Defendant failed to pay Plaintiff one and one half-times her regular rate of pay for hours she worked in excess of forty (40) hours per week. Plaintiff is entitled to $121,606.02 in unpaid overtime.

24.

Defendants' actions were willful and/or showed a reckless disregard for the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff at the statutory rate of one and

one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when Defendants knew, or should have known, such was, and is due.

25.

Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

26.

Due to the willful and unlawful acts of Defendant, Plaintiff has suffered and continues to suffer damages and lost compensation for hours worked over forty (40) hours per week, plus liquidated damages, in an amount to be proven at trial.

27.

Plaintiff is entitled to recover her costs and attorneys' fees pursuant to 29 U.S.C. §216(b).

**Second Claim For Relief**
**ORS 653.055, 653.261, 652.140, & 652.150 – Failure to Pay Overtime Wages**
**(Against Defendant Galena)**

28.

Plaintiff restates and incorporates by reference paragraphs 1-27, inclusive, as though fully set forth herein.

29.

From beginning of her employment until her termination, Plaintiff worked in excess of forty (40) hours per week.

30.

Plaintiff was not exempt from overtime pursuant to ORS 653.020, OAR 839-020-0005, or any other provision of law, so Defendant was required under Oregon law to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per week, which it failed to do.  Plaintiff is entitled to $121,606.02 in unpaid overtime.

Page 7 -    **COMPLAINT**

31.

Pursuant to ORS 653.055, an employer who pays an employee less than the wages to which the employee is entitled is liable to the employee for the full amount of the wages and for civil penalties provided in ORS 652.150.  Defendant paid Plaintiff less than the wages to which she was entitled by failing to pay her for all hours worked in excess of 40 hours per week.

32.

Pursuant to ORS 652.140, when an employer discharges an employee, all wages earned an unpaid at the time of the termination become due and payable not later than the end of the first business day after the termination.  When Plaintiff was discharged she was not paid all wages earned and unpaid.

33.

Pursuant to ORS 652.150, if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, then as a penalty for non-payment the wages or compensation shall continue from the due date thereof at the same hourly rate for eight hours per day until paid, for up to 30 days.  Defendant willfully failed to pay Plaintiff's wages or compensation upon her termination and is therefore entitled to this penalty.

34.

Pursuant to ORS 652.200, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees.

**Third Claim For Relief**
**Whistleblower Retaliation – ORS 659A.199**
**(Against All Defendants)**

35.

Plaintiff restates and incorporates by reference paragraphs 1-34, inclusive, as though fully set forth herein.

36.

Defendants discriminated against Plaintiff in the terms and conditions of her employment and terminated Plaintiff in retaliation for Plaintiff opposing and reporting in good faith

information about the misclassification of employees for the purposes of the wage and hours laws that Plaintiff believed to be illegal conduct as well as evidence of violations of federal and/or state laws, rules, or regulations.

37.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial, but not to exceed $300,000.

38.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic loss in a sum to be proven at trial, but not to exceed $400,000.

39.

Defendant's conduct was wanton and willful.  Defendant should therefore be assessed punitive damages in an amount to be determined at trial.

40.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorneys' fees, expert fees, costs and disbursements.

41.

Plaintiff also seeks equitable relief, including an injunction - enjoining Defendants from engaging in any employment practice that discriminates on the basis as alleged in this Complaint.

/ / /

/ / /

Page 9 -    **COMPLAINT**

### Fourth Claim For Relief
### Wage Discrimination and Retaliation – ORS 652.355/ORS 653.060
### (Against Defendant Galena)

42.

Plaintiff restates and incorporates by reference paragraphs 1-41, inclusive, as though fully set forth herein.

43.

Defendant discriminated and retaliated against Plaintiff for making wage claims and/or discussing or inquiring about Plaintiff's wages by taking adverse actions against Plaintiff including terminating her employment. Defendant discriminated and retaliated against Plaintiff for reporting/complaining that she had not been paid overtime wages by taking adverse actions against Plaintiff including terminating her employment.

44.

Defendant's discrimination and retaliation constitutes an unlawful employment practice in violation of ORS 652.355 and/or ORS 653.060.

45.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial, but not to exceed $300,000.

46.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic loss in a sum to be proven at trial, but not to exceed $400,000.

47.

Defendant's conduct was wanton and willful. Defendant should therefore be assessed punitive damages in an amount to be determined at trial.

48.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover her reasonable attorneys' fees,

expert fees, costs and disbursements.

## Fifth Claim For Relief
### National Origin Discrimination/Harassment - ORS 659A.030(a) and (b)
### (Against all Defendants)

49.

Plaintiff restates and incorporates by reference paragraphs 1-48, inclusive, as though fully set forth herein.

50.

Defendants treated Plaintiff adversely with respect to compensation or other terms, conditions, or privileges of employment and by discharging Plaintiff.  Plaintiff's national origin was a substantial factor in the adverse treatment.

51.

In perpetrating the actions described in the above paragraphs, Defendants violated ORS 659A.030(a) and (b) by subjecting Plaintiff to discrimination and harassment on the basis of Plaintiff's national origin, causing Plaintiff to suffer damages.

52.

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in paragraphs 37-41, supra.

## Sixth Claim for Relief
### Retaliation ORS 659A.030(f)
### (Against All Defendants)

53.

Plaintiff restates and incorporates by reference paragraphs 1--52 inclusive, as though

Page 11 -        **COMPLAINT**

fully set forth herein.

54.

Defendants treated Plaintiff adversely with respect to compensation or other terms, conditions, or privileges of employment and by discharging Plaintiff.  Defendants and their agents/employees subjected Plaintiff to retaliation based on her opposing unlawful practices including, but not limited to sexual harassment/discrimination, national origin harassment/discrimination, and wage violations.   Plaintiff's opposition of unlawful practices was a substantial factor in the adverse treatment.

55.

In perpetrating the actions described in the above paragraphs, Defendants violated ORS 659A.030(f) by subjecting Plaintiff to retaliation, causing Plaintiff to suffer damages.

56.

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in paragraphs 37-41, supra.

### Seventh Claim For Relief
**Wrongful Discharge in Violation of Public Policy**
**(Against Defendant Galena)**

57.

Plaintiff restates and incorporates by reference paragraphs 1-56 inclusive, as though fully set forth herein.

58.

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for making complaints of discrimination and/or for reporting information the employee believed was evidence of a violation of a state or federal law, rule, or

regulation.

59.

This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States including, but not limited to ORS 659A.030, ORS 659A.199, ORS 659A.233, OAR 839-005-0000 et seq., and OAR 839-010-0000 et seq.

60.

Defendant, acting through its agents and/or employees, violated the above public policies by discriminating and retaliating against Plaintiff for opposing and/or making good faith complaints about unlawful conduct.

61.

Defendant's discharge of Plaintiff was taken in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights, which are of important public interest.

62.

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in paragraphs 37-41 supra.

### Eighth Claim For Relief
**Aiding and Abetting Discrimination/Retaliation ORS 659A.030**
**(Against Defendant Schwartz)**

63.

Plaintiff restates and incorporates by reference paragraphs 1-62, inclusive, as though fully set forth herein.

64.

Defendant Schwartz violated ORS 659A.030(1)(g) by aiding, abetting, inciting,

compelling and/or coercing discrimination and retaliation of Plaintiff, as set forth above.

65.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

66.

Plaintiff requests an award of damages, equitable relief, costs, and attorney's fees as alleged in paragraphs 37-41, supra.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

**WHEREFORE,** Plaintiff requests the following judgments and relief according to proof:

1. Economic damages;

2. Non-economic damages;

3. Compensation in the amount due for Plaintiff's overtime hours worked;

4. Liquidated damages in an amount equal to twice Plaintiff's unpaid wages;

5. Penalty wages pursuant to Oregon law;

6. Declaring pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the wage provisions of the FLSA.

7. Reasonable costs and attorney's fees per statute;

8. Equitable relief including a permanent injunction enjoining Defendants from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

9. For prejudgment and post-judgment interest as appropriate and allowed by law;

10. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

11. Punitive damages; and

12. All such other relief as this Court may deem proper.

/ / /

Respectfully Submitted,

DATED this 13th day of July, 2015.

/s/Christina Stephenson
Christina Stephenson, OSB #102287

Of Attorneys for Plaintiff

Page 15 -   **COMPLAINT**